**BING SONG ZHU, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General,\* Respondent.**

**No. 03–4052–ag.**

United States Court of Appeals, Second Circuit.

Sept. 29, 2006.

Jeffrey C. Bloom, Flushing, New York, for Petitioner.

Gretchen C.F. Shappert, United States Attorney, Western District of North Carolina; Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. JOSÉ A. CABRANES, Hon. ROSEMARY S. POOLER, Circuit Judges.

## SUMMARY ORDER

Petitioner Bing Song Zhu, a native and citizen of China, seeks review of an order of the BIA affirming Immigration Judge ("IJ") Helen Sichel's decision denying his application for asylum and withholding of deportation. *In re Bing Song Zhu,* No. A 73 161 808 (B.I.A. Dec. 9, 2002), *aff'g* No. A

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

73 161 808 (Immig. Ct. N.Y. City Jan. 29, 1998). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. DOJ*, 362 F.3d 155, 158 (2d Cir. 2004). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for reconsideration if the agency's reasoning or its factfinding process was sufficiently flawed. *See Cao He Lin v. DOJ*, 428 F.3d 391, 395, 406 (2d Cir.2005); *Tian–Yong Chen v. INS*, 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. DOJ*, 434 F.3d 144, 158 (2d Cir.2006).

Substantial evidence supports the IJ's adverse credibility finding. First, the IJ accurately observed that Zhu indicated on direct examination that he picked up his wife after her alleged abortion, and that the "town hospital" was "where [he] first saw [a] note" recommending that he be sterilized. However, Zhu testified on cross examination that he did not go to the hospital to pick up his wife. This inconsistency is both material and substantial to Zhu's claim that he feared sterilization on account of his family planning violation because he did not otherwise explain how he would have learned about the recommendation to sterilize him. *See Secaida–Rosales v. INS*, 331 F.3d 297, 308 (2d Cir.2003). Second, the IJ reasonably found implausible Zhu's testimony regard-ing assistance given to his neighbor, who was eight-months pregnant. Although Zhu testified that he returned home from hiding in June 1992 because he thought "that the government might have eased off," and that he was "not thinking about himself," but was "very angry" when he saw the cadres coming down the street, recalling that his wife had been taken for an abortion, the IJ was not required to credit Zhu's explanation. *See Cao He Lin*, 428 F.3d at 403(emphasizing that an IJ is not required to credit an applicant's explanations even if they appear plausible on a cold record, but is required to take the explanations into account). Third, because a fact-finder who assesses testimony together with demeanor is in the best position to discern the impression conveyed by the witness, and because the IJ's finding of nonresponsiveness was supported by the record, the IJ reasonably found that Zhu's demeanor undermined his credibility. *See Zhou Yun Zhang*, 386 F.3d at 73.

Notwithstanding any flaws in the IJ's decision, this case need not be remanded, because her error-free findings provided substantial evidence to support the adverse credibility determination, and we can confidently predict that the IJ would reach the same decision based only on these points. *See Xiao Ji Chen*, 434 F.3d at 162; *Cao He Lin*, 428 F.3d at 395. Given that the only evidence of a threat to Zhu's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on Zhu's claim for withholding of deportation. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006); *Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir.2003).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a

stay of removal in this petition is DE-NIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).